THOMAS J. KING *vs.* ROBERT E. DALY & others.

Suffolk.    January 24, 1899. — January 25, 1899.

Present: HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Equity — Injunction — Decree — Finding.*

When the evidence is not before the court, and it does not appear as matter of law from the facts set forth in the decree that more relief ought to have been granted, this court cannot revise the finding of the single judge.

BILL IN EQUITY, filed September 26, 1898, in the Superior Court, against Robert E. Daly, Joseph Daly, and John F. Daly, alleging the following facts.

The defendant Robert E. Daly was, on August 27, 1898, the owner of a certain dental business which he was carrying on in rooms at No. 12A, Tremont Row, in Boston, under the name and style of " Dr. Daly," displaying the signs, both within and without the premises, " Dr. Daly," and " Dr. Daly, Dentist."

On the day above named Robert E. Daly, by bill of sale of that date, sold to the plaintiff the good will of the business, together with the right to use the name of " Dr. Daly " at that place, the same as then used by him.

The plaintiff on that day took possession of the premises and the business under and by virtue of the bill of sale, and at once proceeded to carry on the practice of dentistry under the name and style of " Dr. Daly," and has ever since carried on the dental business under that name, advertising extensively the business under the name of " Dr. Daly," and " Dr. Daly, Dentist," as had previously been done by Daly.

On or about September 15, 1898, the three defendants, fraudulently and with intent to deceive the public, and for the purpose of attracting the patients of the plaintiff into the place of business of the defendants, opened dental rooms at No. 10 Tremont Row, in Boston, near the place of business of the plaintiff, under the firm name and style of " Dr. Daly," displaying the signs in various conspicuous places, " Dr. Daly," and " Dr. Daly, Dentist," both within and without the premises, which signs are

similar in appearance to those used by the plaintiff, and have continued to carry on the business under that name and style, and to make use of such signs, ever since. and up to the date of the filing of the bill, to the great damage of the plaintiff's business.

By reason of the similarity of names and signs used by the defendants to those of the plaintiff, the public is thereby deceived, and mistakes occur, in that patients seeking the place of business of the plaintiff go to the place of business of the defendants and have their dental work done at that place, to the great damage of the plaintiff's business.

The defendants, their agents, employees, and servants, intentionally assist in deceiving the public, and in causing mistakes to occur to their advantage, and to the great damage of the plaintiff.

The prayer of the bill was that the defendants might be restrained from thereafter in any manner using the words " Dr. Daly," or " Dr. Daly, Dentist," or any word or words similar in sound or appearance to such words, in or upon any sign, card, or advertisement, or otherwise in connection with or in carrying on the practice of dentistry at the premises No. 10 Tremont Row, or at any premises on Tremont Row, or on any premises on Court Street, in Boston, within three hundred yards of No. 10 Tremont Row ; and for an accounting of the damage done by the defendants to the plaintiff ; and that the defendants be ordered to pay to the plaintiff the sum so found to be due him.

An interlocutory decree was entered, reciting that the court found that the acts charged in the bill were done by the defendants for the purpose and with the intent of attracting the patients of the plaintiff into the place of business of the defendants at No. 10 Tremont Row in Boston ; that by reason of the fraudulent acts set out in the bill, which were proved, sundry persons had been deceived and induced to go to the defendants' place of business and have dentistry work performed there under the belief that it was the plaintiff's place of business ; that the defendants were engaged in intentionally deceiving the public, to their own advantage and the damage of the plaintiff ; and that the plaintiff had suffered damage by the acts of the defendants ; ordering an injunction to issue, restraining the defend-

ants from carrying on business at No. 10 Tremont Row, or at any place in the vicinity of the plaintiff's establishment, in the manner in which they were carrying on such establishment at No. 10 Tremont Row, "and from displaying signs similar to those of the plaintiff, and from fitting up the windows, doorways, and front part of any office to be occupied by them in a manner to resemble or imitate the plaintiff's windows, doorways, signs, and office, and from doing any act to deceive the public into a belief that the defendants' establishment is the plaintiff's"; and commanding the defendants forthwith to take down and remove all signs, fittings, or other representations or displays at No. 10 Tremont Row, resembling or imitating the arrangement, signs, fittings, or displays at the plaintiff's doorway and window at No. 12a Tremont Row; and referring the case to a master to assess the damages.

Upon the coming in of the master's report, assessing the plaintiff's damages at twenty dollars, a final decree was entered affirming the report, and making the injunction theretofore issued perpetual; and the plaintiff appealed to this court.

*C. W. Noyes,* for the plaintiff.

*M. W. Brick & A. H. Stetson,* for the defendants, were not called upon.

HOLMES, J. It is enough to say that it does not appear, as matter of law, from the facts set forth in the decree, that the plaintiff was entitled to more relief than was granted. The judge must be taken to have found as an additional fact that more was not necessary to protect the plaintiff's rights and could not be granted with justice. We cannot say that such a finding was impossible, and we cannot revise the finding as the evidence is not before us.

*Decree affirmed.*